■ GEORGE HAMMERLE et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 39170.) — MEMORANDUM BY THE COURT. The claimants appeal from a judgment in the amount of $25,000 for the appropriation for highway purposes of a portion of claimants' real property on which were located a wholesale and retail gasoline station, garage, restaurant and grocery store, to which had been issued a beer license. The taking consisted of a rectangular strip of land 566 feet fronting on Route No. 31 and being approximately 80 feet in depth from the highway line and approximately 0.918 of an acre. As a result of the widening of the road by the taking of this strip, the claimants had frontage on Route No. 31, the property remaining being approximately 900 feet deep. At the trial the claimants elected to confine their proof to what has been referred to as "percentage lease method" and further restricted the proof to one year of operation. The testimony of their witness was based upon elements of speculation without detailed analysis and with no estimation of the operating expenses. He determined the property to have a before value of $174,000 and a remaining land value (approximately 7 acres) of $10,420, the damages being $163,580. An offer of proof was made by the claimants with reference to the sale of gasoline at Thruway operated service areas. While the proof might have been receivable, it would not constitute "comparable sales", it being a matter of common knowledge that such operated units are the subject of franchises controlled by the Thruway Authority. In any event, it was not of such materiality as to require the

granting of a new trial. The State used three factors in arriving at market value: (1) The market data or comparable sales approach; (2) the cost or reproduction less depreciation; (3) capitalization of income. The damages, as found by the State expert, were approximately $21,000. The court, in its decision, stated that it "has considered comparable sales of similiar properties in the area, photographs of the property introduced by both sides, expert testimony as to valuation adduced by both parties and the Court's view of the premises ". We are unable to say, on this record, that the quantum of the award was so inadequate as to require increasing the damages by this court or the granting of a new trial. The other alleged errors we find insubstantial. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.